UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA E. VALDES,

    Plaintiff,                          CIVIL ACTION NO. 05-CV-72586-DT

    v.

                                        DISTRICT JUDGE DENISE PAGE HOOD
                                        MAGISTRATE JUDGE DONALD A. SCHEER
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Both Plaintiff's and Defendant's Motions for Summary Judgment should be DENIED, and the case REMANDED to the Commissioner for further proceedings to include vocational expert testimony in order determine whether alternative jobs existed in the national economy that claimant could have performed, given her non-exertional limitations.

\*   \*   \*

Plaintiff filed an application for Social Security disability insurance benefits on January 3, 2002, alleging that she had been disabled and unable to work since October 8, 1998, at age 31, due to severe left knee pain[1]. Benefits were denied, initially and upon

---

[1]Plaintiff filed a prior application for disability insurance benefits alleging the same disability as the present application (TR 49-50), which was denied by the SSA and not pursued further. Consequently, res judicata applies to the determination of Plaintiff's condition through the date of the unchallenged administrative decision (November 16, 2000). Bagby v. Harris, 650 F.2d 836 (6th Cir. 1981), cert. denied 454 U.S. 1087 (1981). A federal court may not review the Commissioner's refusal to reopen a previous application absent a constitutional challenge. Blacha v. Secretary, 927 F.2d 228, 231-232 (6th Cir. 1990). Plaintiff does not take issue with the SSA's application of res judicata.

reconsideration, by the Social Security Administration (SSA). A requested de novo hearing was held on February 12, 2004, before Administrative Law Judge (ALJ) Bennett Engelman. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a restricted range of sedentary work providing a sit-stand option. The Law Judge found that the claimant was also restricted to jobs in non-hazardous, clean environments. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 46 years old at the time of the administrative hearing (TR 242). She had been graduated from high school, and had been employed as a school custodian during the relevant past (TR 82, 244). Plaintiff's custodial job required her to stand for most of the workday. She constantly had to handle, grip and manipulate large and small objects. She had to lift up to 50 pounds on a regular basis (TR 82). Claimant stopped working in October 1998, due to severe left knee pain (TR 243).

Claimant testified that she was disabled as a result of severe left knee pain that prevented her from sitting, standing or walking for prolonged periods (TR 244, 247). Despite undergoing three knee surgeries, Plaintiff doubted that she could stand for longer than 15 minutes or walk more than a block (TR 245, 251). The claimant estimated that she could lift a gallon of milk, but did not think she could lift a 10 pound bag of potatoes (TR 252). As a result of chronic knee pain, the claimant said that she was not able to do any heavy household chores or go grocery shopping (TR 245, 248). Pain medications provided only temporary relief (TR 246), and she needed to lie down several times a day to help

alleviate her pain symptoms (TR 249, 252). Plaintiff also had trouble pushing, pulling, squatting and reaching over her head (TR 252). There was no vocational expert (VE) testimony.

## LAW JUDGE'S DETERMINATION

The Law Judge found that Plaintiff was impaired as a result of arthritic left knee pain, but that this condition was not severe enough to either meet or equal the Listing of Impairments. The ALJ recognized that the claimant's impairment precluded her from performing jobs that did not allow a sit-stand option. The Law Judge further determined that the claimant was limited to non-hazardous, clean working environments. The ALJ did not seek vocational expert testimony at Step 5 of the sequential disability evaluation process. He relied instead on the Medical-Vocational Guidelines (Rule 201.27) to justify a conclusion that there were substantial numbers of jobs available in the economy for claimant to perform despite her functional limitations.

Plaintiff argued, through counsel, that the Law Judge erred by applying the Medical-Vocational Guidelines, since she was found to suffer from both exertional and non-exertional limitations that prevented her from performing a full range of sedentary work. As a result, Plaintiff requested that the instant case be remanded for further proceedings, to include vocational expert testimony, as to whether alternative jobs existed in the national economy during the relevant period. Alternatively, Plaintiff maintained that substantial evidence did not exist on the record that she remained capable of performing sedentary work, and that the Law Judge improperly discounted her credibility despite the medical evidence which substantiated her allegations.

Defendant opposed a remand for vocational expert testimony claiming that the Plaintiff retained the residual functional capacity to perform a significant number of jobs in the economy, despite her limitations. Defendant argued that the ALJ could adopt the vocational expert testimony provided at a hearing held in July 2002, in connection with claimant's first application for disability benefits, in making his step five finding.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions.  Judicial review of those decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards.  Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983).  This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility.   See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989);  Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  Kirk, 667 F.2d at 536.  If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc); Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

If the Commissioner's decision is not supported by substantial evidence, the court can reverse the decision and award benefits, but only if: (1) there is an adequate record, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985); (2) there are no unresolved, essential factual issues, Faucher v. Secretary, 17 F.3d 171, 176 (6th Cir. 1994); and (3) the record "compels" the conclusion that a plaintiff has established legal entitlements to benefits. INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1 (1992)(emphasis in original). If these conditions are not met, the court may not award benefits and must remand the case under sentence four of 42 U.S.C. § 405(g)[2] for additional fact finding.

DISCUSSION AND ANALYSIS

The undersigned is persuaded that substantial evidence does not exist on the record that Plaintiff remained capable of performing a full range of sedentary work. I further conclude that the Law Judge failed to sustain his burden of proving that substantial numbers of specific jobs accommodating claimant's known restrictions existed in the national economy. The Law Judge erroneously applied the Medical Vocational Guidelines ("the grid") in reaching a conclusion of non-disability. The Administrative Law Judge applied Rule 201.27, Table No. 1 of Appendix 2, which directs a conclusion that a claimant who is exertionally limited to the performance of sedentary work, who is a younger individual, and who has no transferable skills, is not disabled. Application of the grid in the instant case was erroneous because claimant suffers from significant non-exertional limitations resulting

---

[2] Sentence four of 42 U.S.C. 405(g) states:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

5

from arthritic left knee pain that prevented her from performing a full range of sedentary work activity.

In Kirk v. Secretary, 667 F.2d 524 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983), the Sixth Circuit held that application of the grid was appropriate only when the components of the grid precisely matched the claimant's condition. The grid is not fully applicable when the claimant suffers from nonexertional limitations[3], the effects of which are not incorporated by the grid.

The mere allegation of a nonexertional impairment is not sufficient to preclude application of the grid. "Not even a minor nonexertional limitation is enough; the claimant must show an impairment that significantly limits his ability to do a full range of work at a designated level." (emphasis added) Kimbrough v. Secretary, 801 F.2d 794, 796 (6th Cir. 1986) (per curiam); see also Cole v. Secretary, 820 F.2d 768 (6th Cir. 1987). "By the use of the phrase 'significantly diminish' we mean the additional loss of work capacity beyond a negligible one or, in other words, one that so narrows a claimant's possible range of work as to deprive him of a meaningful employment opportunity." Bapp v. Bowen, 802 F.2d 601, 606 (2d Cir. 1986) (footnote omitted).

The medical evidence of record supports the Plaintiff's contention that her need for a sit-stand option (postural limitation) and need to avoid hazardous, polluted work places (environmental limitation) constituted non-exertional impairments that entitled her to a non-guideline determination. In fact, since the ALJ expressly determined that the claimant was

---

[3]Nonexertional impairments are defined as "certain mental, sensory or skin impairments" or "impairments [which] result solely in postural and manipulative limitations or environmental restrictions". 20 C.F.R. Part 404, Subpart P, Appendix 2, Section 200.00(e). See also 20 C.F.R 404.1569a (2005).

**6**

unable to perform jobs that did not provide a sit-stand option, or which involved working in hazardous environments (TR 30, Finding 7), the Defendant has acknowledged that Plaintiff had nonexertional limitations that precluded direct application of the grid to direct a decision (See Commissioner's Brief in Support of Defendant's Motion for Summary Judgment at p. 15). Thus, the parties do not dispute the fact that Plaintiff could not perform a full range of sedentary work given the serious functional limitations stemming from her left knee condition.

Contrary to Defendant's assertion, the ALJ may not adopt vocational expert testimony from a previous adjudication in making his step five determination. In denying claimant's first application for disability benefits in July 2000, Administrative Law Judge Robert Stalker relied on VE testimony provided by Ann Tremblay. Ms. Tremblay had testified that there were numerous receptionist, general office clerk, timekeeper and cashier jobs that Plaintiff could perform with minimal vocational adjustment. These jobs provided a sit-stand option, and were performed in non-hazardous, clean environments (See pp. 281-282 of Supplemental Transcript at docket #17).

The Defendant cannot adopt Ms. Tremblay's July 2000, testimony because claimant's knee condition may have deteriorated during the four years between the two hearings.  Medical evidence submitted with the current application for disability benefits demonstrated that Plaintiff's left knee has not responded well to treatment. Dr. Douglas Benton, a treating physician, stated in April 2000, that chronic left knee pain prevented claimant from lifting more than 15 pounds or performing any climbing, twisting or bending (TR 174).  Dr. Martha Pollock, who examined claimant two years later at the request of the Commissioner, confirmed that poor left knee flexion prevented her from walking normally

(TR 185). Dr. Pollock also reported that knee instability interfered with claimant's ability to squat, and to heel and toe walk (TR 185). A state agency consultant, who reviewed the updated medical record in May 2002, concluded that Plaintiff was unable to climb ladders, ropes, scaffolds, and could only occasionally kneel, crouch and crawl (TR 189).

This medical evidence, containing updated assessments of claimant's knee condition, was not available at the time of Plaintiff's first application for disability benefits. It would be mere speculation to conclude that the types of jobs identified by a vocational expert six years ago could still be performed by the claimant today. Moreover, there is no way of knowing whether the 25,600 jobs identified by the VE in July 2000, still exist.

The Court has the power to affirm, modify, reverse or remand an action after acquiring subject matter jurisdiction to review a final decision of the Commissioner. 42 U.S.C. § 405(g) (1982). This statute authorizes the Court to remand the case for additional administrative action where, as here, there is a reasonable probability that the Commissioner might reach a different disposition of the disability claim. See Carroll v. Califano, 619 F.2d 1157, 1162 (6th Cir. 1980). Because claimant could not perform a full range of sedentary work, her characteristics did not precisely fit the pattern of the medical vocational guidelines and the ALJ was required to make a nonguideline determination. Kirk, 667 F.2d at 531. Therefore, the undersigned is persuaded that the instant case should be remanded to the Commissioner for further proceedings, to include vocational expert testimony as to whether alternative jobs accommodating Plaintiff's present limitations exist in the national economy.[4]

---

[4] The fact that recent medical evidence showed no signs of left knee instability, swelling, effusion, or neurological deficit (TR 137, 140, 155, 161-162, 166, 184-185) precludes a judicial award of benefits as the proof of disability was not "overwhelming". See Faucher v. Secretary of Health and Human Services, 17 F.3d at 175.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limits are extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer<br>
DONALD A. SCHEER<br>
UNITED STATES MAGISTRATE JUDGE

DATED: April 20, 2006
_____

### CERTIFICATE OF SERVICE

I hereby certify on April 20, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on April 20, 2006. **None.**

s/Michael E. Lang<br>
Deputy Clerk to<br>
Magistrate Judge Donald A. Scheer<br>
(313) 234-5217