UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DEBRA E. VALDES,**

   Plaintiff,

v.

**COMMISIONER OF SOCIAL SECURITY,**

   Defendant.
_____/

Case No. 05-CV-72586-DT

**HONORABLE DENISE PAGE HOOD**

ORDER ACCEPTING REPORT AND RECOMMENDATION

**I. INTRODUCTION**

This matter is before the Court on Magistrate Judge Donald A. Scheer's Report and Recommendation dated April 20, 2006. Plaintiff filed a Motion for Summary Judgment on December 9, 2005 and Defendant filed a Motion for Summary Judgment on March 13, 2006. Magistrate Judge Donald A. Scheer issued a Report and Recommendation denying both Plaintiff's and Defendant's Motions for Summary Judgment on April 20, 2006.

**II. STANDARD OF REVIEW**

  **A. Report and Recommendation**

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make

1

a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).  This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id.*

In order to have preserved this right to appeal the Magistrate Judge's recommendation, Plaintiff was obligated to file objections to the Report and Recommendation within ten days of service of copy, as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).   Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.,* 932 F 2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  No objections were filed to the Magistrate Judge's Report and Recommendation.

### B.  Summary Judgment

Under Fed.  R. Civ. P. 56, Summary Judgment is to be entered if the moving party demonstrates there is no genuine issue as to any material fact.  The Supreme Court has interpreted this to mean that summary judgment should be entered if the evidence is such that a reasonable jury could find only for the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  The moving party has "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Lenz v. Erdmann*

*Corp.*, 773 F.2d 62 (6th Cir. 1985).  In resolving a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party. *See Duchon v. Cajon Co.*, 791 F.2d 43, 46 (6th Cir. 1986); *Bouldis v. United States Suzuki Motor Corp.,* 711 F.2d 1319 (6th Cir. 1983).  But as the Supreme Court wrote in *Celetex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986):

> [T]he plain language of Rule 56(c) mandates the entry to summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.  The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

To create a genuine issue of material fact, that nonmovant must do more than present "some evidence" of disputed fact.  "If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249-50 (citations omitted).  Accordingly, a nonmovant "must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact."  *Mathieu v. Chun*, 828 F.Supp. 495, 497 (E.D. Mich. 1993) (citations omitted).

### III. APPLICABLE LAW & ANALYSIS

The Magistrate Judge recommended that both parties' Motions for Summary Judgment be denied, and that the case be remanded to the Commissioner for further proceedings to include vocational expert testimony.  The Magistrate Judge found that the ALJ could not rely on the Vocational Expert's (VE) testimony from 2000 because four years have passed and the condition of the Plaintiff's knee may have changed since that time.  Further, it must be determined whether the jobs available in 2000 are still available for the Plaintiff to pursue now.  Lastly, the Magistrate held that the ALJ was required to make a decision without using the Medical Vocational Guidelines.

Neither the Plaintiff nor the Defendant have raised an objection to the Magistrate Judge's Report and Recommendation.  Under in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2), the Plaintiff and Defendant were obligated to file objections to the Report and Recommendation within 10 days of service of copy. Neither party filed an objection within the requisite time period; thus, waiving their right to any future appeals.

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusion for the proper reasons.  The Court agrees with the Magistrate Judge that the matter should be remanded pursuant to 42 U.S.C. § 405(g) for additional fact finding.  Sentence six allows the district court to remand in light of additional evidence without making any substantive ruling as to

4

the merits of the Commissioner's decision, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. *Meklonyan v. Sullivan*, 501 U.S. 89, 100 (1991).

Accordingly,

IT IS ORDERED that the Magistrate Judge Donald A. Scheer's Report and Recommendation dated April 20, 2006 is ACCEPTED and ADOPTED as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED that the Defendant's Motion for Summary Judgment **[Docket No. 21, filed March 13, 2006]** is DENIED.

IT IS FURTHER ORDERED that the Plaintiff's Motion for Summary Judgment **[Docket No. 14 , filed December 9, 2005]** is DENIED.

IT IS FURTHER ORDERED that this matter is CLOSED and REMANDED back to the Commissioner for further proceedings and findings consistent with this Order and the Magistrate Judge's Report and Recommendation.  After a hearing and additional findings have been made, either party may move to reopen this action, and the Commissioner shall thereafter file with the Court any additional evidence and findings and decision, including any additional record pursuant to 42 U.S.C. § 405(g).  The matter will then be referred to the Magistrate Judge for a Report and

Recommendation on the additional findings, if any. The Court will then issue its decision and Judgment on the matter.

>s/ DENISE PAGE HOOD
>DENISE PAGE HOOD
>United States District Judge

DATED: October 31, 2006

    I hereby certify that a copy of the foregoing document was served upon counsel of record on October 31, 2006, by electronic and/or ordinary mail.

>S/William F. Lewis
>Case Manager